UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

GERALD E. BOVE,

        Defendant.

**DECISION AND ORDER**

07-CR-304S

## I. INTRODUCTION

Presently before this Court is Defendant Gerald E. Bove's application for payment by the government of attorney's fees and expenses that he incurred defending against criminal charges lodged against him. (Docket No. 624.) Bove's application is brought under the Hyde Amendment, 18 U.S.C. § 3006A, which provides for such payment when a court finds that the government's position was vexatious, frivolous, or in bad faith. For the following reasons, Bove's application is denied.

## II. BACKGROUND

On March 7, 2014, a federal jury acquitted Bove of one count of Hobbs Act conspiracy, in violation of 18 U.S.C. §§ 1951 (a) and 2, and one count of Attempted Hobbs Act Extortion, in violation of 18 U.S.C. §§ 1956 (a) and 2. (Docket Nos. 585, 590.) The charges stemmed from the activities of the International Union of Operating Engineers, Local 17, AFL-CIO ("Local 17") and its members.

This Court entered a judgment of acquittal on March 19, 2014. (Docket No. 604.) Approximately one month later, on April 18, 2014, Bove applied for payment of his attorney's fees and expenses under the Hyde Amendment, Pub.L. No. 105-119, § 617, 111

Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes). (Docket No. 624.) The government responded to Bove's application on May 5, 2014. (Docket Nos. 641, 642.) Bove thereafter filed three submissions in reply over the course of a year or so. (Docket Nos. 651, 696, 768.)

Bove maintains that the government's prosecution of him was vexatious, frivolous, or in bad faith because it pursued a faulty legal theory that had no evidentiary support, presented witness testimony that it knew to be suspect, and leveled charges against him without regard to his criminal culpability. (Affidavit of Gerald E. Bove ("Bove Aff."), Docket No. 624, ¶¶ 11--14, 16-23, 24 .) In particular, Bove argues that the government's theory that he and Local 17 illegally sought compensation for "unwanted, unnecessary, and superfluous labor" was legally deficient and unsupported by competent evidence. (Bove Aff., ¶¶ 11-12.) He maintains that the government conceded as much when it changed its theory of extortion to one seeking to "replace non-union workers with union workers," a theory that he notes was ultimately rejected by this Court. (Bove Aff., ¶ 13; Second Supplemental Reply, Docket No. 768.) In addition, Bove contends that the government presented the testimony of Phillip Hale, the principle witness against him, knowing that Hale made materially inconsistent statements before trial and then testified falsely, or at least not credibly. (Bove Aff., ¶¶ 17-23.) Finally, Bove maintains that the conduct the government charged him with engaging in was protected by the First Amendment and the National Labor Relations Act,[1] and that the government included him in the superseding

---

[1] Throughout these proceedings, this Court has rejected Bove's contentions that his actions were protected by the First Amendment and the National Labor Relations Act, and he offers nothing at this stage of the proceedings to compel a different conclusion. See, e.g., Larson, 807 F. Supp. 2d at 166.

indictment only to insure that all Local 17 officers were charged, without regard to whether he actually acted criminally. (Bove Aff., ¶¶ 16, 24.)

The government categorically denies these allegations and maintains that they fall far short of demonstrating that its prosecution of Bove was vexatious, frivolous, or in bad faith. Relying on the affidavit of lead prosecutor Assistant United States Attorney Anthony M. Bruce,[2] the government maintains that its prosecution of Bove was supported by evidence that, if found persuasive by the jury, would have been sufficient to sustain a conviction or convictions against him. Bruce explains in his affidavit that the government's prosecution theory was thoroughly vetted, both locally and at the Department of Justice in Washington, D.C. (Affidavit of Anthony M. Bruce ("Bruce Aff."), Docket No. 642, ¶¶ 6, 7.) It was also heavily litigated, with split decisions from the Magistrate Judge and this Court concerning whether the indictment should be dismissed. See United States v. Larson, 807 F. Supp. 2d 142 (W.D.N.Y. 2011). Bruce lays out the government's evidentiary basis for bringing charges against Bove (see Bruce Aff., ¶¶ 15-24) and explains that the government was not restricted in any way from offering Hale's testimony, despite his prior statements (see Bruce Aff., ¶¶ 25-27).

### III. DISCUSSION

**A. Legal Standard**

The Hyde Amendment, the text of which is set out in the margin,[3] was "enacted as

---

[2] Mr. Bruce has since retired from the United States Attorney's Office.

[3]
> During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act [November 26, 1997], may award to a prevailing party,

part of P.L. 105-119, the $31.8 billion Commerce, Justice and State, the Judiciary, and Related Agencies Appropriations Act of 1998, and is found as a statutory note to 18 U.S.C. § 3006A." United States v. Schneider, 395 F.3d 78, 85 (2d Cir. 2005) (quoting United States v. Gilbert, 198 F.3d 1293, 1298 (11th Cir. 1999)).  The purpose of the amendment is "to penalize government for prosecutorial abuses and to deter such inappropriate conduct." Schneider, 395 F.3d at 86.

To that end, the Hyde Amendment permits an award of attorney fees and litigation expenses under certain circumstances where "the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust."  Pub.L. No. 105-119, § 617, 111 Stat. 2440, 2519.  It also authorizes the court to conduct a hearing concerning the propriety of the United States's position, if the defendant makes a substantial threshold showing of entitlement to relief, i.e., the possible existence of substantial or significant vexatious, frivolous, or bad-faith conduct.  See Schneider, 395 F.3d at 89-90.

Because the Second Circuit has not yet parsed the statute's "vexatious, frivolous,

---

other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust.  Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code.  To determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera (which shall include the submission of classified evidence or evidence that reveals or might reveal the identity of an informant or undercover agent or matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal.  Fees and other expenses awarded under this provision to a party shall be paid by the agency over which the party prevails from any funds made available to the agency by appropriation.  No new appropriations shall be made as a result of this provision.

Pub.L. No. 105-119, § 617, 111 Stat. 2440, 2519.

or in bad faith" language, courts in this circuit have interpreted the terms according to their ordinary meaning. See, e.g., United States v. Mitselmakher, No. 07-CR-37 (BMC), 2008 WL 5068609, at *7 (E.D.N.Y. Nov. 20, 2008); United States v. Schneider, 289 F. Supp. 2d 328 (E.D.N.Y. 2003). Bad faith, for example, has been construed as "not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; it contemplates a state of mind affirmatively operating with furtive design or ill will." Mitselmakher, 2008 WL 5068609, at *7 (quoting Schneider, 298 F. Supp. 2d at 331-32).

The defendant bears the burden of proving that the government's position was vexatious, frivolous, or in bad faith. Mitselmakher, 2008 WL 5068609, at *7. Importantly, it is the government's "position"—the case as a whole—that must be assessed: "trivial instances of offending conduct" do not give rise to liability, nor will "[a]n acquittal, without more, . . . lead to a successful Hyde Amendment claim." Schneider, 395 F.3d at 90 ("there must be substantial or significant vexatious, frivolous, or bad-faith conduct"). Nor does the Hyde Amendment "sanction poor judgment or myopia." Mitselmakher, 2008 WL 5068609, at *1. This is because "Congress's intent was to 'limit Hyde Amendment awards to cases of affirmative prosecutorial misconduct, rather than simply any prosecution which failed.'" Id. (quoting United States v. Knott, 256 F.3d 20, 29 (1st Cir. 2001)).

To determine Hyde Amendment liability, the government's position must be viewed from the government's perspective at the time, including evidence not presented at trial, instead of through "twenty-twenty hindsight based solely on reasonableness." Mitselmakher, 2008 WL 5068609, at *7 (quoting United States v. Sherbourne, 249 F.3d 1121, 1127 (9th Cir. 2001)). In this regard, a "'presumption of regularity supports . . .

5

prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties.'" Mitselmakher, 2008 WL 5068609, at *7 (quoting United States v. Armstrong, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996)). "Thus, the Hyde Amendment's 'plain language . . . places a daunting obstacle before defendants who seek to obtain attorney fees and costs from the government following a successful defense of a criminal charge.'" United States v. Barone, No. S1 09 Cr. 91 (NRB), 2011 WL 4056903, at *2 (S.D.N.Y. Aug. 29, 2011) (quoting United States v. Gilbert, 198 F.3d 1293, 1302-03 (11th Cir. 1999).

**B.     Analysis**

Bove spills much ink laying bare his many objections to the way in which the government prosecuted its case against him. These objections attack the legitimacy of the theory of prosecution, cast doubt on the grand jury proceedings, challenge the sufficiency of the evidence, and question the credibility of witnesses. Most of these objections have previously been rejected. In particular, this Court denied Bove's several efforts to dismiss the charges against him and denied his motion to preclude Hale's testimony, repeatedly finding his arguments unpersuasive.

Even less compelling now is Bove's resurrection and repackaging of these arguments as a basis for recovery under the Hyde Amendment. Bove's burden is to demonstrate that the government's position was "vexatious, frivolous, or in bad faith." Mitselmakher, 2008 WL 5068609, at *7. That is, he must prove that the government pursued a groundless position that had little chance of success (frivolous); or that it acted maliciously or with intent to harass by pursuing an objectively deficient or meritless position (vexatious); or that it acted with dishonest purpose, ill will, furtive design, or moral obliquity

(bad faith).  See Schneider, 289 F. Supp. 2d at 331-32.  Bove fails in this regard.

First, Bove contends that the government knew its theories of criminal liability were legally insufficient and unsupported by competent evidence, yet nonetheless pursued them in bad faith.  He assumes that it did so simply because he held a leadership position in Local 17.  But this accusation is contradicted by the Bruce Affidavit, which attests that the government's theories were reviewed and approved not only by the hierarchy in the local United States Attorney's Office, but also by attorneys in the Organized Crime/Gang Section of the Criminal Division of the Department of Justice, who are experts in labor racketeering prosecutions.  (Bruce Aff., ¶ 7.)  It is further contradicted by Bruce's recitation of the government's evidentiary basis for bringing charges against Bove.  (Bruce Aff., ¶¶ 15-24)

At bottom, what Bove attempts to now characterize as frivolous or vexatious conduct was simply hard-fought litigation concerning the government's theory, which, despite Bove's protestations to the contrary, found some root in relevant caselaw from both the United States Supreme Court and Courts of Appeals.  See United States v. Kirsch, 07-CR-304S, 2015 WL 1472122, at * 2-*(W.D.N.Y. Mar. 31, 2015) (discussing the government's theory, particularly its reliance on United States v. Mulder, 273 F.3d 91 (2d Cir. 2001)). While Bove may find the government's aggressive pursuit of its unsuccessful theories and charges against him offensive, this Court finds that its actions are not tantamount to proceeding in bad faith or adhering to a vexatious or frivolous position.  See Schneider, 395 F.3d at 90 ("trivial instances of offending conduct" do not give rise to liability, nor will "[a]n acquittal, without more, . . . lead to a successful Hyde Amendment claim."); see also Gilbert, 198 F.3d at 1304 ("A defendant seeking Hyde Amendment fees and costs on the basis of a legal position the government took in prosecuting him must establish that the

position was foreclosed by binding precedent or so obviously wrong as to be frivolous.").

Bove's second argument—that the government presented the testimony of Phillip Hale in bad faith—is similarly unpersuasive. At trial, Bove claimed to be "sandbagged" as he sought to preclude Hale's testimony that Bove threatened him during a meeting. (Docket No. 510.) He sought preclusion on the basis of non-disclosure, unreliability, and unfair prejudice. Id. This Court denied Bove's motion, finding unpersuasive his claims that he was sandbagged and that the testimony was inherently unreliable or unfairly prejudicial. (Docket No. 515-1.) In particular, this Court found that issues relating to the alleged inconsistency in Hale's statements went to weight, not admissibility. Id. This Court similarly denied Bove's subsequent Motion for Reconsideration, which again raised the issue he presses here: that Hale's testimony was inconsistent with his previous affidavit and highly unreliable. (Docket Nos. 518, 522.)

Despite this Court's rulings permitting the Hale testimony, Bove now attaches nefarious motives to the government's decision to offer Hale as a witness, none of which are supported by any evidence. Bove faults the government for not confronting Hale about his prior statements before the grand jury and at trial, for not preparing him better as a witness, and for having a "manifest disregard for the truth." He surmises that the government acted in bad faith, even though his efforts to preclude this testimony failed. The government, however, is under no obligation to adopt a defendant's view of evidence or assessment of potential witnesses. In the government's view, Hale's testimony, although perhaps subject to fierce attack on cross-examination, which it was, supported the charges against Bove, and if credited by the jury, would support a conviction. Whatever problems Bove perceives with Hale as a witness, the government's reliance on

flawed witnesses, even ones who make inconsistent statements, does not necessarily support a finding of bad faith. See Schneider, 395 F.3d at 87 (holding that "the shortcoming of witnesses who directly implicated [the defendant] in the crime are inadequate to show that the Government lacked a reasonable legal basis for prosecution").

Finally, Bove fails to demonstrate with any evidence whatsoever that he was indicted simply because he was a member of the Local 17 leadership. He thus fails to overcome the presumption of regularity that attaches to the government's actions. See Mitselmakher, 2008 WL 5068609, at *7 ("'presumption of regularity supports . . . prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties.'") (quoting United States v. Armstrong, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996)).

### IV.  CONCLUSION

To succeed, Bove must have demonstrated that the government pursued a groundless position that had little chance of success; or that it acted maliciously or with intent to harass by pursuing an objectively deficient or meritless position; or that it acted with dishonest purpose, ill will, furtive design, or moral obliquity. See Schneider, 289 F. Supp. 2d at 331-32. He failed on each front. Bove's application for payment of attorney fees and litigation expenses under the Hyde Amendment is therefore denied.

### V.  ORDER

IT HEREBY IS ORDERED, that Defendant Gerald E. Bove's Application for Attorney Fees and Expenses (Docket No. 624) is DENIED.

FURTHER, that the Government's Motion for Leave to File a Sur-Reply is DENIED

as moot. (Docket No. 657.)

SO ORDERED.


Dated:   November 4, 2016
         Buffalo, New York

                                              /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Court